RECEIVED CASHIER

CLERK'S OFFICE USDC PR

2026 APR 6 PM2:51

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

KALEB CATALA and DENISSE DEL VALLE RIVERA,
Plaintiffs,

v.

NSSK SAN JUAN, LLC d/b/a AUTO GRUPO NISSAN KENNEDY d/b/a AUTOGRUPO;
MOTORAMBAR, INC.; and BANCO POPULAR DE PUERTO RICO d/b/a POPULAR AUTO,
Defendants.

Civil Action No.: 26-cv-1205 (JAG)

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**PRELIMINARY STATEMENT**

This action arises from a systematic scheme of fraudulent misrepresentations and material omissions perpetrated by an authorized Nissan dealership and its affiliated distributor in connection with the July 16, 2024 sale and financing of a 2023 Nissan Ariya electric vehicle. The scheme involved: (1) certification of a fictitious $2,000.00 cash down payment to a federally insured bank to manipulate the loan-to-value ratio; (2) deliberate suppression of an $8,000.00 publicly advertised promotional rebate from the financing contract, inflating the amount financed; and (3) failure to repair a structural safety defect for 150 days — five times the legally recognized reasonable repair period. These acts caused Plaintiffs concrete financial harm and ongoing safety risk, and constitute violations of federal consumer protection statutes, federal anti-fraud statutes, and Puerto Rico Civil Code.

**I. JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under federal law, specifically: the Truth in Lending Act (TILA), 15 U.S.C. § 1601 et seq.; the Magnuson-Moss Warranty Act (MMWA), 15 U.S.C. § 2301 et seq.; and the civil provisions of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1964(c), predicated on violations of 18 U.S.C. §§ 1343 and 1344.

2. This Court has supplemental jurisdiction over Plaintiffs' Puerto Rico Civil Code claims under 28 U.S.C. § 1367(a) because they form part of the same case or controversy as the federal claims, arising from the same transaction and common nucleus of operative facts.

3. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the claims occurred in Puerto Rico, and all Defendants are subject to personal jurisdiction here.

## II. PARTIES

4. Plaintiff Kaleb Catala ('Catala') is an adult resident of Toa Alta, Puerto Rico, residing at URB La Providencia, Calle 9 1Q3, Toa Alta, Puerto Rico 00953. At all relevant times, Catala was a 'consumer' within the meaning of 15 U.S.C. § 1602(i) and 15 U.S.C. § 2301(3).

5. Plaintiff Denisse Del Valle Rivera ('Del Valle') is an adult resident of the same address, and at all relevant times was the primary borrower and a 'consumer' within the meaning of applicable federal statutes.

6. Defendant NSSK San Juan, LLC, doing business as Auto Grupo Nissan Kennedy and Autogrupo ('Kennedy/Autogrupo'), is a Puerto Rico limited liability company with its principal place of business at Ave. Kennedy Km. 3.2, San Juan, Puerto Rico 00920. At all relevant times, Kennedy/Autogrupo was a 'seller' and 'warrantor' within the meaning of 15 U.S.C. § 2301, and a 'creditor' or agent thereof within the meaning of 15 U.S.C. § 1602. Kennedy/Autogrupo acted at all times through its duly authorized employees, agents, finance manager, and sales personnel, for whose conduct it bears full vicarious liability.

7. Defendant Motorambar, Inc. ('Motorambar') is a Puerto Rico corporation and the exclusive authorized distributor of Nissan vehicles in Puerto Rico. Motorambar is responsible for the distribution, marketing, and promotion of Nissan vehicles and associated incentive programs, including the $8,000.00 Motorambar Authorized Incentive (MAI) at issue herein. As the entity that created, funded, and published the promotional rebate, Motorambar bears direct liability for its non-application.

8. Defendant Banco Popular de Puerto Rico d/b/a Popular Auto ('Popular Auto') is a Puerto Rico banking institution, federally insured, and the creditor and assignee of Retail Installment Contract No. 8220013221722000003. As assignee, Popular Auto is subject to all claims and defenses applicable to the original creditor pursuant to 15 U.S.C. § 1641, and accepted a contract bearing irregularities apparent on its face.

## III. TOLLING OF STATUTES OF LIMITATIONS

9. Fraudulent Concealment Tolling — TILA: The one-year limitations period under 15 U.S.C. § 1640(e) is subject to equitable tolling where the defendant's fraudulent conduct prevented the plaintiff from asserting his rights. Ramadan v. Chase Manhattan Corp., 156 F.3d 499 (3d Cir. 1998). Defendants here actively concealed the TILA violations by embedding false figures within executed loan documents — the false $2,000.00 down payment and the suppressed $8,000.00 rebate — without any disclosure to Plaintiffs that these figures did not reflect the actual transaction.

10. Plaintiffs did not discover, and could not through reasonable diligence have discovered, the TILA violations at the time of signing, as the violations were contained within technical disclosure fields not readily apparent to a consumer. Discovery occurred after closing, when

Kennedy/Autogrupo's representatives contacted Plaintiffs demanding payment of the $2,000.00 purportedly already reflected in the loan documents — thereby revealing for the first time that the certified down payment had never been collected. Plaintiffs acted diligently upon discovery.

11. Continuing Violation: Defendants' collection of monthly loan installments calculated on a fraudulently inflated principal balance constitutes a continuing violation that independently tolls the limitations period. Each monthly payment extracted from Plaintiffs based on the false origination figures is a separate act of harm.

12. MMWA, RICO, and Civil Code Claims: The MMWA limitations period is four years. The civil RICO limitations period is four years from discovery. Agency Holding Corp. v. Malley-Duff & Assocs., 483 U.S. 143 (1987). Puerto Rico Civil Code nullity claims under Art. 1217 carry a four-year period under Art. 1253. All such claims are timely on their face without resort to tolling.

## IV. STATEMENT OF FACTS
### A. The Purchase Transaction

13. On July 16, 2024, Plaintiffs purchased a 2023 Nissan Ariya, VIN JN1AF0BA9PM409998, Tablilla KLL-014, model ARI-2302 ('the Vehicle') from Kennedy/Autogrupo for a stated price of $44,862.00.

14. The purchase was financed through Popular Auto under Retail Installment Contract No. 8220013221722000003 at an annual percentage rate of approximately 13%, generating a Finance Charge and Total of Payments materially greater than what would have resulted from accurate disclosures.

15. Plaintiffs traded in a 2020 Jeep Grand Cherokee, VIN 1C4RJEAG1LC323845, credited toward the purchase at $18,000.00.

### B. The False $2,000.00 Down Payment — Bank Fraud Predicate Act No. 1

16. The Retail Installment Contract submitted by Kennedy/Autogrupo to Popular Auto reflects a Cash Down Payment of $2,000.00 under line item 3(a).

17. Kennedy/Autogrupo's own contemporaneous closing documents — specifically the Orden de Compra executed July 16, 2024 — contain three separate receipt fields for down payment collection: 'Deposito Recibo,' 'Pronto Recibo,' and 'Balance Cobrado,' each accompanied by a 'Recibo Num.' field. All six fields are entirely blank. No receipt number was issued. No cash was collected.

18. The blank receipt fields in Kennedy/Autogrupo's own signed closing document directly contradict the $2,000.00 figure certified to Popular Auto in the Retail Installment Contract executed the same day.

19. Kennedy/Autogrupo, acting through its authorized finance manager and sales agents, knowingly submitted false certification of a $2,000.00 cash down payment to Popular Auto — a federally insured financial institution — to artificially reduce the loan-to-value ratio and secure loan approval. This false certification constitutes a scheme to defraud a federally insured financial institution in violation of 18 U.S.C. § 1344.

20. Following execution of the Contract and closing by Popular Auto, Kennedy/Autogrupo's finance manager and sales representatives contacted Plaintiffs and repeatedly demanded payment of $2,000.00 in cash — directly confirming the amount had never been collected and had been falsely certified to the bank.

21. Popular Auto independently confirmed to Plaintiffs that the loan was fully approved and closed, and that no further payment was required at closing — establishing that the $2,000.00 existed only on paper submitted to the bank, never in fact.

**C. The Suppressed $8,000.00 Rebate — Bank Fraud Predicate Act No. 2**

22. On July 13, 2024 — three days before Plaintiffs' purchase — Motorambar and its authorized dealers, including Kennedy/Autogrupo, published a full-page advertisement in El Nuevo Dia newspaper offering: 'Bono de $8,000 ($7,500 MAI + $500 MAS), aplica a Ariya 2023, ARI-2302' — the precise model purchased by Plaintiffs. The advertisement stated that customers could choose between the $8,000.00 rebate OR a 2.99% APR, imposing no financing restriction on the rebate option.

23. Kennedy/Autogrupo continued advertising rebates of $8,000.00 to $10,000.00 for the 2023 Nissan Ariya through at least November 2024 on its official social media channels, including a Facebook post dated November 12, 2024, offering a $10,000.00 bono. The fine print of that November advertisement specified that the credit score requirement of 750 applied only to the 0.00% APR financing option — not to the cash rebate. Defendants' own advertising thus confirms that no credit score requirement attached to the rebate Plaintiffs were entitled to. The non-application of the rebate to Plaintiffs' transaction was therefore deliberate and without legal basis.

24. Kennedy/Autogrupo's sales personnel and finance manager verbally represented to Plaintiffs during pre-sale negotiations that the promotional rebate would be applied to their transaction. Plaintiffs relied on these representations in agreeing to the purchase.

25. Notwithstanding the advertised rebate and oral representations, the Retail Installment Contract submitted to Popular Auto reflects 'Rebate Amount: $0.00' — deliberately suppressing the $8,000.00 incentive and artificially inflating the Amount Financed, Finance Charge, and Total of Payments submitted to Popular Auto. Submission of an inflated loan amount to a federally insured institution constitutes a second independent act of bank fraud under 18 U.S.C. § 1344.

26. When Plaintiffs questioned the missing rebate, Kennedy/Autogrupo stated it was 'not obligated to apply' the advertised incentive — contradicting its own prior oral representations and the published advertisement.

27. Plaintiffs' loan APR of approximately 13% is more than four times the advertised 2.99% APR alternative. Plaintiffs received neither the rebate nor the favorable rate.

### D. Wire Fraud — RICO Predicate Act No. 3

28. Kennedy/Autogrupo transmitted or caused to be transmitted via electronic wire communications the falsified Retail Installment Contract to Popular Auto, a transaction occurring in interstate commerce. This electronic transmission of materially false financial figures in furtherance of a scheme to defraud constitutes wire fraud under 18 U.S.C. § 1343.

### E. Oral Misrepresentations — Vicarious Liability

29. Kennedy/Autogrupo's finance manager and sales agents, acting within the scope of their employment and with actual and apparent authority, made the following material oral representations to Plaintiffs:

(a) That the $8,000.00 advertised rebate would be applied and reflected in the final contract;
(b) That all financing terms in the documents were accurate and complete;
(c) That the Vehicle was supported by certified EV service centers in Puerto Rico capable of timely warranty service; and
(d) That all advertised Nissan and Motorambar incentives would be honored.

30. Each representation was false when made, known to be false, and made with intent to induce consent. Under P.R. Civil Code Arts. 1798 and 1803, Kennedy/Autogrupo bears full vicarious liability for these misrepresentations.

### F. Warranty Breach — 150-Day Failure and Extended Warranty Fraud

31. The Vehicle presented a structural defect in the exterior charging port cover from or near the time of purchase, creating risk of water infiltration, electrical damage, and corrosion in a fully electric vehicle.

32. On July 28, 2025, Plaintiffs presented the Vehicle for warranty repair at Autocentro Nissan, 1088 Munoz Rivera Avenue, San Juan, Puerto Rico 00927.

33. The service advisor documented the defect as 'Terminacion exterior C/I tapa de conexion a corriente deformo' and classified the required part (Part No. 78826-00008) as Special Order. The dealer returned the Vehicle to Plaintiffs with the charging port cover open and exposed.

34. On December 19, 2025, Autocentro Nissan notified Plaintiffs via email from Layna Marrero that the part had arrived — confirming a repair delay of approximately 144 days from the initial repair request, and approximately 150 days from the date the defect was first documented.

35. During this entire period, Plaintiffs continued making monthly loan payments while operating a defective vehicle with an exposed charging port and diminished market value.

36. Plaintiffs paid $3,900.00 for an extended service contract at closing. Defendants' failure to honor the basic manufacturer warranty rendered this extended contract entirely without value — constituting an additional fraudulently induced expense.

37. Prior to sale, Defendants failed to disclose the critical shortage of certified EV repair centers in Puerto Rico, a material fact that directly caused the extended repair delay.

38. The 2023 Nissan Ariya has been discontinued for the 2026 model year in the United States market, causing additional and ongoing diminution in the Vehicle's resale value beyond normal depreciation.

## V. CAUSES OF ACTION
### COUNT I — VIOLATION OF THE TRUTH IN LENDING ACT
15 U.S.C. §§ 1601 et seq., 1638, 1640, 1641
Against Kennedy/Autogrupo and Popular Auto

39. Plaintiffs incorporate all preceding paragraphs.

40. TILA and Regulation Z, 12 C.F.R. § 1026, require that every consumer credit disclosure accurately state the Amount Financed, Finance Charge, Annual Percentage Rate, and Total of Payments. These are material disclosures. Any inaccuracy in a material disclosure constitutes a violation entitling the consumer to statutory and actual damages.

41. The Retail Installment Contract contains two material inaccuracies in required TILA disclosures: (a) a Cash Down Payment of $2,000.00 that was never collected, artificially reducing the Amount Financed; and (b) a Rebate Amount of $0.00, suppressing an $8,000.00 incentive that directly reduced the true purchase price and affected the finance charge. Both inaccuracies are facially apparent in the origination documents.

42. Popular Auto, as assignee, is liable pursuant to 15 U.S.C. § 1641 because the TILA violations are apparent on the face of the disclosure statement assigned to it.

43. The one-year limitations period under § 1640(e) is tolled by fraudulent concealment as pleaded in Section III. The limitations period did not begin to run until Plaintiffs discovered the violations post-closing, and Plaintiffs acted with diligence upon discovery.

44. Plaintiffs are entitled to: (a) statutory damages of twice the finance charge per violation, 15 U.S.C. § 1640(a)(2)(A)(i); (b) actual damages; and (c) attorney's fees and costs, § 1640(a)(3).

### COUNT II — VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT
15 U.S.C. §§ 2301 et seq., 2310(d)
Against Kennedy/Autogrupo and Motorambar

45. Plaintiffs incorporate all preceding paragraphs.

46. The Vehicle is a 'consumer product' sold with a 'written warranty' within the meaning of 15 U.S.C. §§ 2301(1) and 2301(6). Plaintiffs are 'consumers' under § 2301(3).

47. The MMWA requires that warranty service be provided within a reasonable time. The FTC and federal courts consistently recognize 30 days as the benchmark for reasonable repair time.

48. Defendants failed to complete repair of the charging port defect for approximately 150 days — five times the reasonable period — despite the defect constituting a structural safety risk on a fully electric vehicle.

49. This action is timely. The MMWA borrowing period under Puerto Rico law provides four years from accrual. The warranty repair request was made July 28, 2025.

50. Defendants' failure to repair within a reasonable time constitutes breach of written and implied warranty under 15 U.S.C. § 2310(d), entitling Plaintiffs to revocation of acceptance.

51. Plaintiffs are entitled to: (a) revocation of acceptance and full refund of all amounts paid; (b) consequential and incidental damages including loss of use, diminution in value, and the $3,900.00 extended service contract rendered worthless; and (c) attorney's fees under § 2310(d)(2).

## COUNT III — CIVIL RICO
### 18 U.S.C. § 1964(c), predicated on §§ 1343, 1344
### Against Kennedy/Autogrupo

52. Plaintiffs incorporate all preceding paragraphs.

53. This claim is timely. Civil RICO carries a four-year limitations period running from the date of discovery of the injury. Agency Holding Corp. v. Malley-Duff & Assocs., 483 U.S. 143 (1987). Plaintiffs discovered the predicate acts upon post-closing demand for the uncollected $2,000.00.

54. The Enterprise: Kennedy/Autogrupo is an ongoing legal entity — a Puerto Rico LLC — operating a vehicle dealership. At all relevant times it operated as an 'enterprise' within the meaning of 18 U.S.C. § 1961(4), engaged in and affecting interstate commerce through its purchase and financing of motor vehicles and its electronic transmission of financing documents to federally regulated financial institutions.

55. The Pattern of Racketeering: Kennedy/Autogrupo committed at least three related predicate acts constituting a pattern under § 1961(5):

Predicate Act 1: Bank Fraud, 18 U.S.C. § 1344 — Knowingly certifying a false $2,000.00 cash down payment to Popular Auto, a federally insured institution, to obtain loan approval on false pretenses. Date: July 16, 2024.

Predicate Act 2: Bank Fraud, 18 U.S.C. § 1344 — Knowingly suppressing an $8,000.00 rebate from the Retail Installment Contract submitted to Popular Auto, inflating the Amount Financed by $8,000.00. Date: July 16, 2024.

Predicate Act 3: Wire Fraud, 18 U.S.C. § 1343 — Electronic transmission of the falsified Retail Installment Contract containing both material misrepresentations to Popular Auto via interstate wire. Date: on or about July 16-18, 2024.

56. Relatedness and Continuity: The predicate acts share the same purpose — defrauding a federally insured bank to facilitate a fraudulent vehicle sale — the same participants, the same victim bank, and the same transaction. The scheme reflects a regular manner of doing business rather than an isolated incident, satisfying the continuity requirement under H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229 (1989).

57. Plaintiffs are direct victims who sustained concrete financial injury — paying a higher loan principal, higher finance charges, and higher monthly payments — as a proximate result of the predicate acts, conferring standing under § 1964(c).

58. Plaintiffs are entitled to treble actual damages and attorney's fees under 18 U.S.C. § 1964(c).

## COUNT IV — DOLO CONTRACTUAL / FRAUDULENT INDUCEMENT
Puerto Rico Civil Code Arts. 1217, 1232, 1233, 1441, 1798, 1802, 1803
Against All Defendants

59. Plaintiffs incorporate all preceding paragraphs.

60. Timeliness: Claims for nullity based on dolo under Art. 1217 carry a four-year period under Art. 1253 — this action is timely on its face. To the extent Art. 1802 extracontractual claims carry a shorter period, said period is tolled by fraudulent concealment as pleaded in Section III.

61. Under Art. 1217, consent obtained through dolo vitiates a contract from its origin. Art. 1232 provides that incidental dolo — misrepresentations that induce unfavorable terms — gives rise to damages. Art. 1233 defines dolo to include false statements of fact and deliberate concealment of facts the parties were duty-bound to disclose. Art. 1441 confirms that oral representations are legally valid and enforceable.

62. Under Arts. 1798 and 1803, a principal bears full vicarious liability for all tortious acts committed by its agents within the scope of their employment. Under Art. 1802, any person or entity that causes damage through fault or negligence must repair that damage.

63. The following material misrepresentations and omissions, all known to Defendants at contracting, induced Plaintiffs' consent:

(a) False certification of a $2,000.00 down payment to Popular Auto;

(b) Suppression of the $8,000.00 promotional rebate from the contract;

(c) Oral representations that the rebate and advertised terms would apply;

(d) Oral representations that certified EV service was available in Puerto Rico;

(e) Failure to disclose the critical shortage of certified EV repair centers; and

(f) Sale of a $3,900.00 extended warranty Defendants had no intention of honoring.

64. Popular Auto accepted the Contract with irregularities apparent on its face — specifically the discrepancy between the certified down payment and the blank receipt fields in the closing documents — and bears joint liability as assignee.

65. Plaintiffs are entitled to: (a) judicial declaration of nullity of the Contract; (b) full restitution; (c) return of the trade-in vehicle or its $18,000.00 fair market value; (d) actual, consequential, and moral damages; and (e) all further relief this Court deems just.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and:

a. Award statutory damages under TILA § 1640(a)(2) against Kennedy/Autogrupo and Popular Auto;

b. Award actual damages under TILA for the inflated Amount Financed and Finance Charge;

c. Order revocation of acceptance of the Vehicle and full refund of all amounts paid under MMWA, against Kennedy/Autogrupo and Motorambar;

d. Award treble damages under Civil RICO § 1964(c) against Kennedy/Autogrupo;

e. Declare Retail Installment Contract No. 82200132217220000003 null and void under P.R. Civil Code Art. 1217;

f. Order Popular Auto to cancel all outstanding loan balances;

g. Order return of the 2020 Jeep Grand Cherokee VIN 1C4RJEAG1LC323845 or its fair market value of $18,000.00;

h. Award restitution of all monthly payments made from July 2024 to present;

i. Award consequential and incidental damages including the $3,900.00 extended warranty, loss of use, and diminution in value caused by vehicle discontinuation;

j. Award moral damages under Puerto Rico Civil Code;

k. Award attorney's fees and costs under 15 U.S.C. §§ 1640, 2310(d), and 18 U.S.C. § 1964(c);

l. Award total damages of no less than $100,000.00 inclusive of treble damages; and

m. Grant such other and further relief as this Court deems just and proper.

## VII. DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a trial by jury on all issues so triable.

Respectfully submitted,

April 7, 2026

_____

Kaleb Catala, Pro Se Plaintiff

_____

Denisse Del Valle Rivera, Pro Se Plaintiff

URB La Providencia, Calle 9 1Q3
Toa Alta, Puerto Rico 00953
Tel: 787-381-6303
Email: KALEBB2323@GMAIL.COM