

# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

KALEB CÁTALA DEL VALLE and DENISSE DEL VALLE RIVERA, Plaintiffs,

v.

NSSK SAN JUAN, LLC d/b/a AUTO GRUPO KENNEDY; MOTORAMBAR, INC.; BANCO POPULAR DE PUERTO RICO d/b/a POPULAR AUTO, et al., Defendants.

Civil Action No. 3:26-cv-01205-JAG

Hon. Jay A. García-Gregory, U.S. District Judge

**PLAINTIFFS' NOTICE OF VOLUNTARY DISMISSAL OF RELATED ADMINISTRATIVE PROCEEDING, PRESERVATION OF FEDERAL RECORD, AND NOTICE OF GOOD FAITH BASIS FOR FEDERAL CLAIMS**

**TO THE HONORABLE JAY A. GARCÍA-GREGORY, UNITED STATES DISTRICT JUDGE:**

Plaintiffs Kaleb Cátala Del Valle and Denisse Del Valle Rivera, appearing pro se, respectfully submit this Notice pursuant to this Court's inherent authority to manage its docket and in the interest of full transparency.

## I. RELATED ADMINISTRATIVE PROCEEDING

A related proceeding was pending before the Puerto Rico Department of Consumer Affairs (DACO), Querella Núm. SAN-2025-0022299, arising from the same transaction at issue here — the purchase of a Nissan Ariya 2023 on July 16, 2024, from Defendant NSSK San Juan, LLC d/b/a Auto Grupo Kennedy, financed through Defendant Banco Popular de Puerto Rico d/b/a Popular Auto.

## II. VOLUNTARY DISMISSAL WITHOUT PREJUDICE — CHRONOLOGY AND GOOD FAITH BASIS

On May 12, 2026, Plaintiffs filed a Voluntary Dismissal Without Prejudice of the DACO proceeding to concentrate all claims in this Court, which has comprehensive jurisdiction over Plaintiffs' federal and supplemental claims under TILA, the FTC Holder Rule, RICO, Magnuson-Moss, and the Puerto Rico Civil Code of 2020.

Plaintiffs maintained the DACO proceeding for a necessary and legitimate purpose: to determine, through compelled discovery, the actual nature of the MAI rebate applied to their specific transaction — a fact Defendants had consistently denied, arguing that Plaintiffs failed to meet an alleged FICO 750 threshold. Prior to obtaining the compelled Internal Billing Record (DMS ID: 230054) and the sworn executive certifications that followed, Plaintiffs had

no access to Defendants' internal documentation and were therefore required to litigate within the administrative forum in order to learn the true nature of the rebate. That litigation was not abusive — it was the only available mechanism to obtain evidence that Defendants had retained for ten months and produced only under government compulsion.

On May 11, 2026, Defendants' own General Manager and Marketing Manager executed sworn certifications that entered the administrative record. Those certifications — irreconcilable with each other and directly contradicted by the Internal Billing Record — constituted the first unambiguous documentary confirmation that a $7,500 MAI rebate had been applied to Plaintiffs' specific transaction and simultaneously omitted from the Retail Installment Contract certified to Popular Auto. That discovery created an immediate legal obligation for Plaintiffs: the conduct revealed by those certifications — a facial discrepancy of $7,500 between Defendants' internal records and the financing documents transmitted to a federally insured institution — falls squarely and exclusively within the statutory framework of the Truth in Lending Act, 15 U.S.C. § 1638, and the FTC Holder Rule, 16 C.F.R. § 433. These are federal causes of action that DACO neither has jurisdiction over nor is legally equipped to adjudicate.

Within twenty-four hours of those certifications entering the record — on May 12, 2026 — Plaintiffs voluntarily dismissed the DACO proceeding and formally requested that the Department authorize the use of the complete administrative record before this Court. This sequence is not coincidental. It reflects the rational and immediate response of litigants who, upon receiving dispositive self-admitted evidence from the opposing party, recognized that the correct forum had shifted irreversibly to this Court.

Defendants opposed the voluntary dismissal on the same day it was filed — May 12, 2026 — requesting dismissal with prejudice, $10,000 in sanctions, and express administrative findings on standing and absence of cause of action. Defendants did so with full knowledge that: (a) the conduct revealed by their own sworn certifications constitutes potential violations of TILA and the FTC Holder Rule — matters entirely outside DACO's statutory jurisdiction; and (b) the only reason Plaintiffs had remained in the administrative forum was to obtain through compelled discovery the very evidence that Defendants' executives had just self-admitted under oath. Defendants are now asking an administrative agency to adjudicate federal statutory violations that their own executives created, documented, and confirmed — while simultaneously seeking sanctions against the Plaintiffs who brought those violations to light.

Said dismissal expressly provides that it constitutes:

(a) No admission of any kind by Plaintiffs;

(b) No basis for res judicata, collateral estoppel, or any preclusive effect before this Court;

(c) No waiver of any right, claim, or cause of action pending before this Court; and

(d) No limitation on Plaintiffs' right to use the complete administrative record in this proceeding.

## III. DEFENDANTS' OPPOSITION — FACTS RELEVANT TO THIS COURT

On May 12, 2026, Defendants NSSK San Juan, LLC and Motorambar, Inc. filed opposition to Plaintiffs' voluntary dismissal, requesting: (1) dismissal WITH prejudice; (2) sanctions of $10,000 against Plaintiffs; and (3) express findings of lack of standing and absence of cause of action.

Plaintiffs respectfully bring to this Court's attention that the administrative record reflects the following undisputed facts:

(a) Defendants retained the Internal Billing Record (DMS ID: 230054) — their own document recording "Bonos/Rebates: $7,500 MAI" applied to Plaintiffs' specific transaction — for ten months, producing it only under government compulsion on April 6, 2026;

(b) Despite receiving a 30-day extension to produce documents from six requested categories, Defendants produced no documents — filing instead two motions that did not address the Internal Billing Record already in the administrative record;

(c) Defendants' own General Manager and Marketing Manager executed sworn certifications on May 6, 2026 — one certifying the MAI credit was applied to Plaintiffs' transaction and retained internally; the other certifying no promotional material or incentive existed for the subject vehicle. These two sworn positions cannot coexist. Both constitute party admissions under Federal Rule of Evidence 801(d)(2).

## IV. THE ADMINISTRATIVE RECORD SUPPORTS FEDERAL CLAIMS

The complete administrative record includes the following documents, each independently supporting Plaintiffs' federal causes of action:

1) Internal Billing Record (DMS ID: 230054), dated July 16, 2024, recording "Bonos/Rebates: $7,500 MAI" for Plaintiffs' specific transaction — produced from Defendants' own internal systems under government compulsion;

2) Retail Installment Contract from the same transaction certifying Rebate Amount: $0.00 — a facial discrepancy supporting Plaintiffs' TILA claim under 15 U.S.C. § 1638 and FTC Holder Rule claims against Banco Popular de Puerto Rico d/b/a Popular Auto;

3) Purchase order and closing package executed July 16, 2024, containing blank receipt fields and critical inconsistencies — evidence of material misrepresentations in the financing terms certified to a federally regulated financial institution;

4) Two sworn certifications by Defendants' own executives dated May 6, 2026, constituting party admissions under FRE 801(d)(2) — directly contradicted by each other and by Defendants' own promotional materials published prior to the transaction date;

5) Written warranty demand transmitted to Motorambar, Inc. on July 30, 2025, unanswered for five months while Motorambar maintained active legal representation in the administrative forum — supporting Plaintiffs' claim under Magnuson-Moss, 15 U.S.C. § 2310(d).

## V. GOOD FAITH BASIS — NO SANCTIONS ARE WARRANTED

Every document supporting Plaintiffs' federal claims originates from Defendants' own records, sworn statements, and promotional materials. The Internal Billing Record alone — produced under government compulsion from Defendants' own systems — establishes that Plaintiffs' claims are grounded in fact. No reasonable basis exists for any finding of frivolity or bad faith under Fed. R. Civ. P. 11.

Defendants have requested $10,000 in sanctions against Plaintiffs while their own General Manager has certified under oath that the MAI rebate was applied to Plaintiffs' specific transaction. A sanctions finding cannot survive scrutiny where the core evidentiary document confirming the claim originates exclusively from the sanctioning party's own internal records.

Plaintiffs further note:

First, Defendants' legal positions shifted after the Internal Billing Record was produced under compulsion. Prior to production, Defendants argued the claim failed because Plaintiffs did not meet a FICO 750 threshold. After DMS ID: 230054 entered the record — showing the MAI credit applied to Plaintiffs' transaction without any credit condition — Defendants' position changed entirely. The two resulting sworn certifications are irreconcilable and are both before this Court as party admissions under FRE 801(d)(2).

Second, Defendants have invoked an integration clause as a complete defense. Under Puerto Rico Civil Code Article 1232 and Colón v. Glamorous Nails, 167 D.P.R. 33 (2006), dolo causante voids consent ab initio. Under federal law, TILA disclosure obligations are statutory and cannot be waived by contract under 15 U.S.C. § 1639c.

Third, the documents withheld across six requested categories — including Retail Installment Contracts transmitted to Popular Auto during the active MAI promotional period — remain exclusively within Defendants' control and are relevant to pattern and continuity under 18 U.S.C. § 1961(5).

## VI. IDENTITY AND GOOD FAITH OF PLAINTIFFS

Denisse Del Valle Rivera purchased a Nissan Ariya 2023 on July 16, 2024, from Defendant NSSK San Juan LLC d/b/a Auto Grupo Kennedy, financed through Defendant Banco Popular de Puerto Rico d/b/a Popular Auto. Kaleb Cátala Del Valle has made every payment — 21 payments totaling $24,045 — exclusively from his personal bank account and is the vehicle's daily user, establishing concrete and traceable economic harm independent of the formal purchase contract.

As pro se litigants, Plaintiffs respectfully request liberal construction of their pleadings under Haines v. Kerner, 404 U.S. 519 (1972).

## VII. REQUESTS
### A. JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence 201, Plaintiffs respectfully request that this Court take judicial notice of the complete administrative record of Querella Núm. SAN-2025-0022299 before the Puerto Rico Department of Consumer Affairs, as public records of a government agency. This includes: the Internal Billing Record (DMS ID: 230054); both sworn executive certifications dated May 6, 2026; all promotional materials submitted by the parties; and all motions and submissions from the administrative proceeding.

### B. JURISDICTION PROTECTION

Plaintiffs respectfully request that this Court:

(1) Take formal note that Defendants are opposing Plaintiffs' voluntary dismissal of the administrative proceeding for the stated purpose of obtaining findings intended to influence this Court;

(2) Retain jurisdiction to address the preclusive effect of any such administrative findings; and

(3) Note that Plaintiffs reserve all rights to seek appropriate relief, including a stay or anti-suit injunction, should Defendants continue to employ parallel proceedings in a manner that threatens this Court's jurisdiction.

Plaintiffs do not request additional relief at this time.

Respectfully submitted,

In Toa Alta, Puerto Rico, this 13th day of May, 2026.

Kaleb Cátala Del Valle
Pro Se Plaintiff

Denisse Del Valle Rivera
Pro Se Plaintiff

URB La Providencia, Calle 9 1Q3

Toa Alta, Puerto Rico 00953

Tel: 787-381-6303

KALEBB2323@GMAIL.COM